IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROBERT PSENKA; JEFF RODD;
OZARK ENCLAVE PROPERTIES;
and J AND J DEVELOPMENT, INC.                    PLAINTIFFS


v.                         Civil No. 05-5200


HAYES FAMILY TRUST;
HERMAN GROVER HAYES;
EVERETT HAYES; JOEL
HAYES; LINDA HAYES; TIM
HAYES and SANDRA MCNEIL                           DEFENDANTS


### MEMORANDUM OPINION AND ORDER

Plaintiffs filed their Complaint in this Diversity action(Doc. 1) on December 12, 2005, alleging Breach of Contract, Tortious Interference with a contract, and Quiet Title.  The case is now before the Court on Plaintiffs' Partial Motion for Summary Judgment (Doc. 22).  Plaintiffs seek summary judgment on their claims of Breach of Contract and Quiet Title.  Plaintiffs agree to dismiss their claims for Tortious Interference with a Contract if the summary judgment motion is granted.

### BACKGROUND

Plaintiffs allege they purchased 720 acres in Newton County, Arkansas, which was partially financed with a note and mortgage to the Hayes Family Trust.  This property maybe known

as the "Shiloh Ranch."[1] Herman Grover Hayes and Vera L. Hayes
are trustees for the Hayes Family Trust.  Plaintiff Robert
Psenka was the principal acting for the Plaintiffs.

Plaintiffs are in the real estate development business
and bought Shiloh Ranch with the intent to develop it for
residential and recreational use.  They allege that in 2004,
Robert Psenka discussed refinancing the mortgage on Shiloh
Ranch with Defendants and this discussion led to an agreement
for Plaintiffs to develop a separate 10-acre site in Newton
County, known as "Angel Point."[2]  Plaintiffs contend they were
to advance planning and advertising costs, which would be
repaid by the Hayes Family Trust.  The intent was for both the
Plaintiffs and the Hayes Family Trust to make profits from the
development and sale of Angel Point.  Plaintiffs would use a
portion of their profits to pay off the mortgage on Shiloh
Ranch.

Plaintiffs allege that in December of 2004, Herman Grover

---

[1]  It is not clear whether Defendants agree "Shiloh Ranch"
is the correct name for the 720-acre tract in Newton County.
However, the Court will refer to that parcel of land by the
name "Shiloh Ranch."

[2]  It is also unclear whether Defendants agree "Angel
Point" is the correct name for the 10-acre tract in Newton
County.  However, the Court will refer to that parcel of land
by the name "Angel Point."

2

Hayes advised Robert Psenka operation of the Hayes Family Trust had been turned over to Herman Hayes' son, Everett Hayes, and that Robert Psenka should deal with Everett Hayes. Robert Psenka and Everett Hayes signed an agreement for the development, marketing, and sale of Angel Point. Plaintiffs also developed plans, specifications, advertising, marketing, and a model for the creation and construction of Angel Point. Plaintiffs contend they advanced money to Everett Hayes in connection with the development and marketing of Angel Point, including a 1998 Jeep, for which the Hayes Family Trust was to compensate and replay Plaintiffs after the sale of Angel Point. Plaintiffs allege they spent $78,500.00 in connection with planning and marketing of Angel Point.

Plaintiffs contend they arranged for Angel Point to be auctioned by Kruse International in April 2005. At the auction, a public bid was made for $2,200,000.00, which Plaintiffs allege both Robert Psenka and Everett Hayes accepted. However, before the sale could be closed, Everett Hayes, on behalf of the Hayes Family Trust, advised Robert Psenka that he did not intend to go forward with the project and that he would refuse to sign any documents of sale or paperwork concerning Angel Point.

Plaintiffs contend they would have made $590,540.00

3

profit and could have paid off the mortgage on Shiloh Ranch if Angel Point had been sold for the bid price made at auction.[3]

Defendants paint a different picture in their statement of facts.  Defendants contend Plaintiffs purchased the 720 acre Shiloh Ranch from E. Wade Griffin, Allen W. Sanders, and Arthur D. Evans and Brenda K. Evans, husband and wife.  As part of this purchase, one or all of the Plaintiffs assumed a promissory note due and owing to Hayes Family Trust and a mortgage encumbering Shiloh Ranch.  The promissory note and mortgage had been executed by the previous owners of the property.

Defendants contend the Plaintiffs never developed nor presented any business plan to the trustees of the Hayes Family Trust.  Moreover, they contend no discussions occurred with any of the Plaintiffs to refinance the mortgage on Shiloh ranch and the Hayes Family Trust never entered into any agreement with Plaintiffs to develop Angel Point. Consequently, Defendants deny that the Hayes Family Trust ever

---

[3]   The Plaintiffs also allege they would have made $950,000.00 if Angel Point had sold for $2,950,000.00.  While Plaintiffs do not cite the source of this $2,950,000.00 selling price comes from, but it apparently is from the Contract for Development of Real Property Newton County, Arkansas (Doc. 25, Ex. A), which states the anticipated sale price by Everett Hayes is "at least $2,950,000."  Plaintiffs allege the price bid at auction was $2,200,000.00.

entered into any type of agreement regarding the profits from the development and sale of Angel Point and deny the Hayes Family Trust was to reimburse Plaintiffs for any planning or advertising costs.

Defendants contend Herman Grover Hayes never advised Plaintiffs they were to deal with Everett Hayes regarding the business of the Hayes Family Trust and Herman Grover Hayes never told any of the Plaintiffs he was turning the business of the Hayes Family Trust over to Everett Hayes. Defendants contend Everett Hayes is the sole owner of Angel Point, and that Plaintiffs never developed any plans or advertising for creation and construction of a development on Angel Point. Moreover, Defendants deny Plaintiffs advanced any money to Everett Hayes for development and marketing to Angel Point. Defendants deny the Hayes Family Trust ever agreed to repay any advances or return a 1998 Jeep to Plaintiffs upon the sale of any real property by Everett Hayes.

Defendants further contend that Everett Hayes never accepted, on behalf of the Hayes Family Trust, any bids for Angel Point, never attended any auction on behalf of the Hayes Family Trust, and never acted on behalf of the Hayes Family Trust in any capacity. Defendants also state Plaintiffs never received bids for $2,950,000.00 or $2,200,000.00 for Angel

5

Point.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986). "The non-moving party, however, must still 'present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor." *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)). Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of his claim. *Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716 (8th Cir. 2003).

## DISCUSSION

There are factual disputes to be resolved in this matter, to include but not limited to whether the Hayes Family Trust,

6

AO72A
(Rev. 8/82)

through Everett Hayes, entered into any of the alleged agreements with the Plaintiffs.

Accordingly, Plaintiffs' Motion for Summary Judgment is DENIED and this case remains set for a bench trial to commence during the week of December 10, 2007 in Fort Smith Arkansas.

IT IS SO ORDERED this 18th day of May, 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

7